**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

---

No. 04-2382

DOROTHY LAFORTUNE,

Plaintiff, Appellant,

v.

CITY OF BIDDEFORD, ET AL.,

Defendants, Appellees.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Boudin, Chief Judge,
Torruella and Howard, Circuit Judges.

---

Dorothy Lafortune on brief pro se.
Keith R. Jacques, Aaron P. Burns and Smith Elliott Smith &
Garmey, on brief for appellees.

---

July 22, 2005

---

**Per Curiam**. Dorothy Lafortune brought this action against the City of Biddeford, Maine, and its former mayor, Donna Dion, claiming First Amendment and due process violations arising from two City Council orders (Order #2001.80 and Order #2001.94) which prohibited the rebroadcast of her television program on Biddeford's public access cable television channel and suspended her right to use the Biddeford public access television facilities. She also claimed that City Council Order #2001.94 constituted an unlawful bill of attainder and sought direct review of Order #2001.80 under Rule 80B of the Maine Rules of Civil Procedure.

In December 2002, the district court dismissed the action as moot after the City imposed a moratorium on public access programming. Lafortune appealed that ruling and we remanded for further proceedings in the district court, concluding that defendants had failed to make a showing sufficient to meet their burden of demonstrating that the challenged conduct would not recur. The district court subsequently granted summary judgment to Lafortune on her prior restraint claim, and granted summary judgment to defendants on the bill of attainder and due process claims. The Rule 80B claim was dismissed as moot after the City Council rescinded the order in issue.

Lafortune now appeals the district court's grant of summary judgment to defendants and its dismissal of her Rule 80B claim. She also challenges the district court's denial of her

post-remand request to amend her complaint.  Substantially for the reasons relied upon by the district court, we affirm.

Lafortune devotes much of her appellate brief to the merits of the claims she sought to add to her complaint after remand.  Since the district court denied leave to amend the complaint, the merits of those additional claims are not properly before us and we decline to address them now.  Further, we conclude that the district court did not err in denying Lafortune's request to amend her complaint.  See Watson IV v. Deaconess Waltham Hosp., 298 F.3d 102, 109 (1st Cir. 2002) (where dispositive motion is pending and party seeks leave to amend the complaint, "the proposed amendment must be not only theoretically viable but also solidly grounded in the record [and] . . . supported by substantial evidence.") (citing Hatch v. Dept. for Children, Youth and Their Families, 274 F.3d 12, 19 (1st Cir. 2001)).  Lafortune fails to offer substantial evidence that the additional claims she would have inserted in the amended complaint have merit, and they are based on an entirely new set of facts and legal theories.  In addition, Lafortune indicated that she wished to seek damages although the operative complaint had requested only injunctive relief. Thus, the district court in its discretion could properly deny her request to amend.

With respect to the issues raised on summary judgment, we agree that the City Council's rescission of Order #2001.80 rendered

Lafortune's Rule 80B appeal moot. See Steir v. Girl Scouts of the USA, 383 F.3d 7, 15 (1st Cir. 2004); Tenoco Oil Co. v. Department of Consumer Affairs, 876 F.2d 1013, 1019-20 (1st Cir. 1989). Further, to the extent Lafortune challenges the district court's determination that City Council Order #2001.94 did not constitute a bill of attainder, we also agree that Lafortune failed to demonstrate that the order was equivalent to a legislative act. Accordingly, defendants were entitled to summary judgment on the claim. See Little v. City of N. Miami, 805 F.2d 962, 966-67 (11th Cir. 1986).

In addition, we conclude that the district court correctly found that Lafortune's procedural due process claim is barred by the Parratt-Hudson doctrine, which "shields a public entity from a federal due process claim where the denial of process was caused by the random and unauthorized conduct of government officials and where the state has provided adequate postdeprivation remedies to correct the official's random and unauthorized acts." Hadfield v. McDonough, 407 F.3d 11, 15 (1st Cir. 2005). The essence of Lafortune's due process claim is that the City Council proceeding in issue was undertaken without authority and that defendants failed to follow the procedure established in Biddeford's Cable Television Ordinance. Accordingly, it appears that the acts complained of fit the definition of "random and unauthorized." See O'Neill v. Baker, 210 F.3d 41, 50 (1st Cir.

-4-

2000). Lafortune also failed to show that postdeprivation review under Me. R. Civ. P. 80B was inadequate or unavailable.

With regard to Lafortune's substantive due process claim, we agree that the challenged conduct did not meet the threshold for establishing the requisite abuse of government power. See Nestor Colon Medina & Sucesores, Inc. v. Custodio, 964 F.2d 32, 45 (1st Cir. 1992); Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1528 (1st Cir. 1983).

We have considered Lafortune's remaining arguments and find them to be lacking in merit. Finally, we note that Lafortune has submitted a "Motion for Suspension of Rules," in which she requests leave to remove an action pending in the Maine state court directly to this court. We lack jurisdiction to grant such a request. See 28 U.S.C. §§ 1291, 1292. The motion is denied and the judgment of the district court is affirmed.